CLARENCE RAYMOND WILLIAMS, Plaintiff v. ANGELA DENISE BOWDEN AND LUANN MICHELLE PASCAL, Defendants

No. COA97-430

(Filed 6 January 1998)

### Insurance § 534 (NCI4th)— underinsured motorist coverage— settlement by insured—oral notice—not sufficient

The trial court properly entered summary judgment for Travelers, plaintiff's underinsured motorist carrier, where plaintiff's attorney had provided only an oral notice of a settlement between plaintiff and defendant. The written notice requirement of N.C.G.S. § 20-279.21(b)(4) is plain and clear.

Appeal by plaintiff from order entered 18 October 1995 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 3 December 1997.

*Jackson, Rivenbark & Slaughter, by Bruce H. Jackson, Jr., for plaintiff-appellant.*

*Johnson & Lambeth, by Maynard M. Brown, for Travelers Indemnity Company, unnamed defendant-appellee.*

LEWIS, Judge.

Plaintiff appeals the trial court's entry of summary judgment for defendants. We affirm.

On 21 April 1991, plaintiff was injured when the automobile he was driving collided with a vehicle driven and owned by defendant

Angela Denise Bowden in Wilmington, North Carolina. Defendant Bowden had automobile liability insurance with New South Insurance Company ("New South") and carried a policy providing $25,000 per single bodily injury. Plaintiff had underinsured motorist coverage with The Travelers Indemnity Company ("Travelers") with single bodily injury limits of $100,000.

On 11 June 1992, plaintiff's attorney advised a Travelers claim adjuster that a proposed settlement offer in the sum of $25,000 had been made by New South. The proposed offer was the maximum single per-person limit under the New South policy. During the telephone conversation, plaintiff's attorney advised the adjuster that he would be making an underinsured motorist claim against Travelers on behalf of plaintiff. On 14 October 1992, plaintiff's attorney had another conversation with the Travelers claims adjuster handling plaintiff's potential underinsured motorist claim. During that conversation, the adjuster indicated that the proposed settlement exceeded his valuation of the claim and that Travelers would not advance any sum to plaintiff.

No written notice of the potential underinsured motorist claim was sent to Travelers prior to plaintiff's acceptance of the proposed offer from New South. In consideration of the sum of $25,000 paid by New South on behalf of its insured, defendant Bowden, plaintiff gave a "Covenant Not to Enforce Judgment" against defendants on 11 November 1992.

Plaintiff filed a complaint for negligence against defendants on 25 October 1993. Travelers, as the stated underinsured motorist carrier, filed an answer to the complaint. On 23 August 1995, Travelers filed a motion for summary judgment based on the affirmative defenses of failure to provide written notice of settlement as required by statute, and failure to provide written notice as required by the underlying insurance policy. Plaintiff filed a cross-motion for partial summary judgment. Summary judgment was entered in favor of Travelers by Judge W. Allen Cobb, Jr. on 18 October 1995.

Plaintiff filed a notice of appeal of the order, Docket No. COA95-1298, which this Court dismissed as interlocutory on 1 October 1996. On 25 February 1997, a New Hanover County jury returned a verdict in favor of plaintiff and against defendant Bowden in the amount of $40,000. As a result of the previous payment to plaintiff of the underlying liability policy limit in the sum of $25,000, a judg-

ment for plaintiff in the amount of $15,000 was entered. On 20 March 1997, plaintiff appealed the summary judgment order.

On appeal, plaintiff argues that the trial court erred by granting Travelers' motion for summary judgment. Plaintiff contends that his oral notice of settlement satisfied the written notice requirement under N.C. Gen. Stat. section 20-279.21(b)(4) (1993). We disagree.

General Statute section 20.279.21(b)(4) governs the relationship between plaintiffs, underinsured drivers, and their insurers. It provides:

> No insurer shall exercise any right of subrogation or any right to approve settlement with the original owner, operator, or maintainer of the underinsured highway vehicle under a police providing coverage against underinsured motorists *where the insurer has been provided with underlying written notice before a settlement between its insured and the underinsured motorist* and the insurer fails to advance a payment to the insured in an amount equal to the tentative settlement within thirty days following receipt of that notice. Further, the insurer shall have the right, in its election, to pursue its claim by assignment or subrogation in the name of the claimant, and the insurer shall not be nominated as a party in its own name except upon its own election.

G.S. § 20-279.21(b)(4) (emphasis added).

Plaintiff contends that we should look at the intent of the statute and declare that his oral notice satisfies the objective of the written notice requirement. We disagree.

Where the language of a statute is clear and unambiguous, the courts must give it its plain meaning. *State ex rel. Utilities Commission v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). The written notice requirement of G.S. § 20-279.21(b)(4) is plain and clear. An underinsured motorist carrier may only be said to have waived its rights if, after receiving written notice of a proposed settlement, it fails to advance an amount equal to the proposed settlement within thirty days of the notice. Travelers did not receive the statutorily required written notice; therefore, it did not waive its rights. The trial court's order is

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.