An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA13-840

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

ERNEST LLOYD & MARY JO CAUBLE,
          Plaintiffs,

          v.                                    Henderson County
                                                No. 11 CVS 1251
WILLIAM PRESTON COFFEY,
          Defendant,

          &

MARKEL INSURANCE COMPANY,
          Unnamed Defendant.


          Appeal by plaintiffs from order entered 22 March 2013 by Judge Alan Z. Thornburg in Henderson County Superior Court. Heard in the Court of Appeals 11 December 2013.


          *Lanier Law Group, P.A., by Michael F. Roessler, for plaintiff-appellants.*

          *Arthurs & Foltz, LLP, by Douglas P. Arthurs and Travis G. Page, for unnamed defendant-appellee.*


          BRYANT, Judge.


          Where plaintiffs fail to follow the statutory requirements of providing advance, written notice of a claim and settlement

offer in accordance with N.C. Gen. Stat. § 20-279.12(b)(4), a grant of summary judgment in favor of unnamed defendant Markel Insurance Company is appropriate.

On 8 October 2008, plaintiffs Ernest Lloyd and Mary Jo Cauble ("plaintiffs") were a driver and passenger, respectively, in a municipally-operated bus when the bus was struck from behind by defendant William Preston Coffey ("defendant"). On 7 July 2011, plaintiffs filed a complaint against defendant alleging injury and damages as a result of defendant's negligence.

On 15 December 2011, plaintiffs' counsel sent a notice to Markel Insurance Company ("Markel"), holders of defendant's underinsured motor vehicle policy ("UIM"), that "the bodily injury damages incurred in [the October 8, 2008] accident exceed [defendant's] liability insurer's limits of liability coverage."[1] On 20 July 2012, plaintiff Lloyd agreed to a settlement agreement and covenant not to enforce judgment with defendant's insurance carrier, Discovery. On 1 August 2012, plaintiff Cauble agreed to a similar settlement agreement and covenant not to enforce judgment with defendant's insurance carrier, Discovery.

---

[1] Defendant's primary insurance carrier was Discovery Insurance Company ("Discovery").

On 17 December 2012, Markel filed a motion for summary judgment alleging that plaintiffs had failed to provide Markel with thirty days advance, written notice of the settlement agreements with Discovery as required by N.C. Gen. Stat. § 20-279.12(b)(4). On 22 March 2013, the trial court granted Markel's motion for summary judgment. Plaintiffs appeal.

_____

On appeal, plaintiffs argue that the trial court erred in granting Markel's motion for summary judgment. We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). We review a trial court's granting of summary judgment *de novo*. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).

Plaintiffs contend that the trial court erred in granting Markel's motion for summary judgment. Specifically, plaintiffs argue that the trial court erred in granting summary judgment because plaintiffs provided written, advance notice of their

settlement agreements to Markel as required by N.C.G.S. § 20-279.21(b).  Pursuant to N.C.G.S. § 20-279.21(b)(4),

> [n]o insurer shall exercise any right of subrogation or any right to approve settlement with the original owner, operator, or maintainer of the underinsured highway vehicle under a policy providing coverage against an underinsured motorist where the insurer has been provided with written notice before a settlement between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured in an amount equal to the tentative settlement within 30 days following receipt of that notice. Further, the insurer shall have the right, in its election, to pursue its claim by assignment or subrogation in the name of the claimant, and the insurer shall not be denominated as a party in its own name except upon its own election.

N.C.G.S. § 20-279.21(b)(4) (2011).  Our Court has held that "a plaintiff is . . . required to notify the UIM insurance carrier *when a claim is filed* against the primary tort-feasor, and also *when a settlement offer has been made*."  *Gurganious v. Integon Gen. Ins. Corp.*, 108 N.C. App. 163, 166, 423 S.E.2d 317, 318 (1992) (emphasis added).

Here, plaintiffs' counsel sent letters to Markel on 15 December 2011 which stated:

> Please be advised that we represent [plaintiffs] with respect to injuries arising from an accident involving my client[s] on or about 10/8/2008. Further

> communications regarding this matter should
> be directed to the undersigned.
>
> This letter will also advise you that the
> bodily injury damages incurred in this
> accident exceed the liability insurer's
> limits of liability coverage. Factual and
> medical information will be submitted to you
> as soon as my client[s] ha[ve] reached
> maximum medical improvement.
>
> Please acknowledge this correspondence and
> confirm that the above-named was insured on
> the date of the accident and furnish us with
> the amount of insurance coverage. Also,
> please forward to the undersigned any copies
> of medical records or recorded statements
> that you may have retained in your files.

The letters sent by plaintiff's counsel provide written notice of a claim to Markel; however, the letters do not convey notice of a proposed settlement offer. Therefore, the letters fail to meet N.C.G.S. § 20-279.21(b)(4)'s requirement of providing written notice to Markel of a claim *and* a settlement offer. *See Williams v. Bowden*, 128 N.C. App. 318, 494 S.E.2d 798 (1998) (holding that plaintiff's oral notice of a settlement offer via a telephone conversation with the insurer did not meet N.C.G.S. § 20-279.21(b)(4)'s requirement of written notice); *Gurganious*, 108 N.C. App. at 166, 423 S.E.2d at 318 ("[A] plaintiff is . . . required to notify the UIM insurance carrier *when a claim is filed* against the primary tort-feasor, and also *when a settlement offer has been made*."). Accordingly, as plaintiffs

have not met the requirements of N.C.G.S. § 20-279.21(b)(4) by giving advance, written notice of a claim and settlement offer, the trial court did not err in granting Markel's motion for summary judgment.

Affirmed.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).